UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Andrew Weaver Palmer,<br><br>Plaintiff,<br><br>v.<br><br>MasTec North America, Inc., a Florida Business Corporation, MCImetro Access Transmission Services Corporation, a Delaware Business Corporation, and Verizon Business Network Services Inc., a Delaware Business Corporation,<br><br>Defendants. | Civ. No. 20-651 (JRT/BRT)<br><br>**AMENDED PROTECTIVE ORDER** |

Pursuant to the Court's August 23, 2021 Order (Doc. No. 75), this Order amends the June 23, 2020 Protective Order (Doc. No. 30) pursuant to Fed. R. Civ. P. 26(c) to require that confidential information be disclosed only in designated ways. For clarity, the amended language is underlined. The City of Minneapolis is a non-party to this action. This amended order is intended to make clear that (1) non-party, the City of Minneapolis, has been separately ordered to produce information—including a bodycam video that the City agrees is responsive to discovery in this litigation but subject to the Minnesota Government Data Practices Act ("MGDPA") Minn. Stat. §§ 13.03 and 13.825[1] and (2) this

---

[1] Section 13.825, subd. 2(a) provides that data "collected by a portable recording system are private data on individuals or nonpublic data. . . ."

<u>Amended Protective Order governs the handling of the discovery produced by the City of Minneapolis.</u>

Based on the stipulation of the parties, and all the pleadings and record herein, the Court hereby **ORDERS** as follows:

**1**      **Definitions.** As used in this protective order:

    (a)      "attorney" means an attorney who has appeared in this action;

    (b)      "confidential document" means a document designated as confidential under this protective order;

    (c)      to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

    (d)      "document" means <u>all materials within the scope of Fed.R. Civ. P. 34, including videos</u>, or information disclosed or produced in discovery, including at a deposition;

    (e)      "notice" or "notify" means written notice;

    (f)      "party" means a party to this action and <u>a non-party includes the City of Minneapolis</u>; and

    (g)      "protected document" means a document protected by a privilege or the work-product doctrine.

**2**     **Designating a Document or Deposition as Confidential.**

    (a)     A party, <u>the City of Minneapolis</u>, or <u>other</u> non-party disclosing or producing a document may designate it as confidential if the party, <u>the City of Minneapolis</u>, or <u>other</u> non-party contends that it contains confidential or proprietary information <u>within the scope of Fed. R. Civ. P. 26(c)</u>. <u>The City of Minneapolis may also designate a document "confidential" that contains private or non-public information, including, but not limited to, information subject to the Minnesota Government Data Practices Act ("MGDPA") or other information required by law to be kept confidential or otherwise nonpublic.</u>

    (b)     A party, <u>the City of Minneapolis,</u> or <u>other</u> non-party may designate a document as confidential by conspicuously marking each page with the word "confidential." <u>In the case of the bodycam video to be produced by the City of Minneapolis, the parties to the litigation and this Court recognize that the City of Minneapolis will designate it as confidential by marking the package and/or file name with the word "confidential."</u>

    (c)     Deposition testimony may be designated as confidential:

        (1)     on the record at the deposition; or

        (2)     after the deposition, by promptly notifying the parties and those who were present at the deposition.

    (d)    If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**3**    **Who May Receive a Confidential Document.**

    (a)    A confidential document may be used only in this action.

    (b)    No person receiving a confidential document may reveal it, except to:

        (1)    the court and its staff;

        (2)    an attorney or an attorney's partner, associate, or staff;

        (3)    a person shown on the face of the confidential document to have authored or received it;

        (4)    a court reporter or videographer retained in connection with this action;

        (5)    a party (subject to paragraph 3(c)); and

        (6)    any person who:

            (A)    is retained to assist a party or attorney with this action; and

            (B)    signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

> I have read, and agree to be bound by, the protective order in the case captioned [case caption and number] in the United States District Court for the District of Minnesota. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any

      confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.

      I declare under penalty of perjury that the foregoing is true and correct.

(c) A party may supplement the "confidential" mark (see paragraph 2(b)) with the words "attorney's eyes only," in which case a confidential document so designated may not be revealed to another party. <u>This designation is not applicable to the information produced by the City of Minneapolis.</u>

(d) If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

**4** **Serving This Protective Order on a Non-Party.**  A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6.

**5** **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

**6** **Use of a Confidential Document in Court.**

(a) Filing.  This protective order does not authorize the filing of any document under seal.  A confidential document may be filed only in accordance with LR 5.6.

(b)  Presentation at a hearing or trial.  A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party <u>or the City of Minneapolis</u>, or <u>other</u> non-party so that the other party, the <u>City of Minneapolis</u>, or the non-party may seek relief from the court. <u>Issues regarding the presentation of confidential information should be raised in final pretrial conferences</u>.

7   **Changing a Confidential Document's Designation.**

(a)  Document disclosed or produced by a party.  A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

(b)  Document produced by the <u>City of Minneapolis or other</u> non-party.  A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

(c)  Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

**8      Handling a Confidential Document after Termination of Litigation.**

(a)     Within 60 days after the termination of this action (including any appeals), each party must:

    (1)     return or destroy all confidential documents; and

    (2)     notify the disclosing or producing party that it has returned or destroyed all confidential documents within the 60-day period.

(b)     Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the court. However, retained documents shall not be shared with any other attorney or party.

(c)     <u>With respect to the information produced by the City of Minneapolis, within 60 days</u> after the termination of this action (including any appeals), <u>the parties must return or destroy all videos, documents, or other information produced by the City of Minneapolis and notify the City of Minneapolis</u> that it has returned or destroyed all confidential information within the 60 day period.

**9      Inadvertent Disclosure or Production to a Party of a Protected Document.**

(a)     Notice.

    (1)     A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or

    protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

  (2) A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

(b) Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

**10** **Security Precautions and Data Breaches.**

(a) Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

(b) A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

**11** **Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

**IT IS SO ORDERED.**

Dated: August 23, 2021    *s/ Becky R. Thorson*
              BECKY R. THORSON
              U.S. Magistrate Judge